This case demonstrates the wisdom of Rule 9(b), A.R.Civ.P., which requires that in a pleading alleging fraud the circumstances alleged to constitute the fraud "shall be stated with particularity." What is the misrepresentation of which the plaintiff complains? In the complaint, as amended, there are these five alleged representations:
 "A. That plaintiffs would be permitted to purchase some real estate which was in default and subject to foreclosure.
 "B. No foreclosure would take place on said property and plaintiffs would be permitted to purchase same by simply assuming the existing balance on the mortgage. This would be done through a new loan by the defendant to the plaintiffs. [Amended complaint.]
"C. No further approval was required by anyone.
 "D. Whether the original debtors proceeded though bankruptcy or not was immaterial to any of the transactions between plaintiffs and defendant.
 "E. The action of the original debtors in bankruptcy will not affect the transactions between the plaintiffs and defendant with reference to this property."
What is the material fact (a fact of such a nature that it would induce action on the part of the complaining party) that was misrepresented? Bank of Red Bay v. King,482 So.2d 274 (Ala. 1985). Clearly, it was the Bank's promise to permit the plaintiffs to purchase the property that caused the plaintiffs to work on the property, not the nature of the internal operations of the Bank or the actions of the plaintiffs' daughter and her husband within the bankruptcy court. Therefore, the material fact that was represented (the right to purchase the property) related to a future event; and unless there was substantial evidence that that representation was made with the specific intent not to perform or with the intent to deceive, the trial court properly entered the summary judgment. Russellville Production Credit Association v.Frost, 484 So.2d 1084 (Ala. 1986).
I find no evidence in the record of a specific intent not to perform or of an intent to deceive; therefore, I concur in the majority opinion to the extent that it affirms the Bank's summary judgment as to the claim alleging promissory fraud. I also concur in the majority's reversal of that summary judgment as to the claim alleging breach of contract. Because it appears that the only fraud alleged with particularity was fraud of the promissory variety, I dissent from the majority's reversal as to the claim alleging ordinary fraud.
STEAGALL, J., concurs. *Page 925